No. 19,692.

WILLIAM LAMPE, *Appellee*, v. THE STAR LUMBER COMPANY et al., *Appellants*.

SYLLABUS BY THE COURT.

1. LIENS — *Foreclosure — Sale — Assignment of Right of Redemption — Amount Required to Redeem.* Shortly after the holders of certain mechanic's liens had begun suit to foreclose, a quitclaim deed amounting to a mortgage on the land involved in the suit was executed to a trustee for the benefit of such lien holders. The foreclosure suit went to judgment, the land was sold and the sale confirmed, one of the lien holders being the purchaser at about one-fourth the amount of the judgments. Later the fee owner conveyed by warranty deed and at the same time assigned his right of redemption to the plaintiff, who sought to redeem on the basis of the sum for which the land sold at foreclosure. His payment being refused, he sued for an accounting of rents and profits and to redeem. *Held*, that the sum the land sold for is the proper basis for redemption.

2. DEED AND ASSIGNMENT—*Construed Together—Right to Redeem.* Such deed and assignment having been executed at the same time must be construed together, and for the purposes of this case amount merely to a transfer to the plaintiff of the fee owner's right to redeem.

3. EXECUTION SALE—*Mortgage Paid by Purchaser—Redemption from Sale—Amount Required.* The fee owner having requested the purchaser at the foreclosure sale to take up a mortgage on the land which he had executed to another—which was done and satisfaction entered of record—in order to redeem and oust, the purchaser must account for such mortgage, and the plaintiff, standing in his shoes, is under like obligation.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed March 11, 1916. Modified.

*F. S. Macy*, of Liberal, and *C. M. Williams*, of Hutchinson, for the appellants.

*William Barrett, L. G. Turner*, both of Pratt, and *C. V. Manatt*, of Liberal, for the appellee.

The opinion of the court was delivered by

WEST, J.: This was an action for an accounting as to rents and profits and to redeem from a foreclosure sale under certain mechanic's liens. The plaintiff recovered and the defendants appeal.

H. H. Stamper owned three lots in the city of Liberal and erected thereon a building, thereby accumulating mechanic's liens to the amount of more than $10,000, a large part of which was in favor of the defendant, the Star Lumber Company, which brought suit to foreclose its lien, making parties the other lien holders who appeared and pleaded. Judgment was rendered for the entire amount, and later the property was sold and purchased by the Star Lumber Company for $2700. The sale was confirmed and the sheriff ordered to issue a deed when the statutory period of redemption should expire. Five days after the foreclosure suit was begun Stamper executed to Charles Summers, for the benefit of the lien holders, a quitclaim deed to the property in question, taking back a certain written agreement. Afterwards Summers and wife conveyed to Lee Larabee, who held on behalf of the appellants. After the foreclosure sale was confirmed Stamper conveyed, and assigned his equity of redemption to the plaintiff, Lampe, who paid to the clerk $3200 for the purpose of redeeming the property from the sale, and the defendants refusing to accept this money he brought this action.

The court made findings of fact to the effect that there was no consideration for the quitclaim deed to Summers except the agreement already referred to; that the deed did not discharge the debts owing to the lien holders but that they remained in full force until they were reduced to judgment, and that the judgment of the Star Lumber Company still remains in full force and effect; that the debts which the quitclaim deed was given to secure were merged in the judgment and the premises were sold according to law to discharge the lien; that Stamper never paid to Charles Summers any of the amounts enumerated in the agreement; that the quitclaim deed was a mortgage. As matter of law it was concluded that the amount paid in by Lampe was sufficient to redeem the property from the sale and that he was entitled to the possession of

the property on a date named and to its rental value thereafter. A mortgage to one A. P. Amick for $500 covering two of the lots appeared to have been satisfied of record when the plaintiff purchased and he was held to be a *bona fide* purchaser and not liable for the payment of this mortgage which had been paid by the Star Lumber Company.

The defendants contend that Lampe had no right to redeem without payment of the entire judgment rendered on foreclosure, the theory being that the judgment and quitclaim deed merged and that the amount for which the property was bid in was not sufficient to effect redemption; that if the deed to Summers be deemed a mortgage then the defendants occupy the position of mortgagees in possession and should not be ousted until the entire debt is satisfied.

The decision of the trial court that the quitclaim deed was a mortgage, being abundantly upheld by the evidence, is approved.

The defendants having filed liens to secure their claims and having begun suit to foreclose, afterwards took the instrument held to be a mortgage, and then had the two securities, the liens in process of foreclosure and the mortgage. The mortgage seems to have been practically abandoned. The suit went to judgment and foreclosure under the liens, followed by the usual sale with an order for a deed when the redemption time should expire. While the amount of the liens was several times the sum for which the property sold, still it was at the defendant's instance that the property was put up for sale; and had an outsider bought it in for $2700 and later obtained a deed and then demanded possession thereunder, neither the Star Lumber Company nor any nor all of the defendants could withhold possession on the ground that he had not satisfied the entire judgment rendered in the suit. (24 Cyc. 61.) The Star Lumber Company having chosen to bid in the property for $2700 at a sale which it, with the other defendants, caused to be made, thereby came in as a bidder, as others might have done; and while the amount of its bid did not pay the entire debt, such amount with the statutory additions was sufficient to redeem the land from the sale, for it would be idle to subject the land to foreclosure sale to be followed by a deed which would give the purchaser and grantee the right of possession only upon payment of several thousand dollars in addition to the amount

for which the land sold. As a practical matter, if the property was worth anything near the amount of the liens, the defendants could, with safety, have made a larger bid and thereby protected themselves in case of an attempted redemption by a purchaser from the fee owner.

It appears that the defendants paid the Amick mortgage, and that for some reason it was satisfied both by the mortgagee and by the assignee, and that the record showed these satisfactions when the plaintiff purchased. The court held the plaintiff to be a *bona fide* purchaser and not liable for the payment of the mortgage. From the record it appears that on July 28, 1913, Stamper and wife conveyed the lots in question to the plaintiff by general warranty deed, and also on the same day Stamper executed an assignment containing the following:

"For and in consideration of the sum of one dollar and other valuable consideration paid by Wm. Lampe, I, the undersigned, do hereby sell and assign and set over to the said Lampe all my right of redemption of the following described real estate. . . . Which said real estate was sold by the sheriff . . . for the sum of $2,700.00 to the above plaintiff The Star Lumber Company, to whom a certificate was issued. That I hereby authorize the said Wm. Lampe to redeem for himself the above property from said sale the same as if I did and redeemed it myself as I have deeded to him by warranty deed all my interest in and to said property and state that all other deeds given for the same was to secure money the same as a Mtg."

The deed described as a general warranty is not set out, but the fair construction of the assignment already quoted from is that it transferred to Lampe Stamper's right to redeem. As between Stamper and the defendants who paid off the Amick mortgage no reason is apparent why the former should not account to the latter therefor. Because, owning the equity of redemption in the land he owned it subject to a mortgage executed but never paid by him, and as against the land in the hands of Stamper it was a proper claim in addition to the amount necessary to redeem from the foreclosure sale. Were the plaintiff a holder by a general warranty deed alone it is quite likely that under the recording act he would be protected as an innocent purchaser (*Lewis v. Kirk,* 28 Kan. 497; *Hargis v. Robinson,* 63 Kan. 686, 690, 66 Pac. 988), but the deed and the instrument of assignment being made at the same time must be construed together (*Insurance Co. v. Hanks,* 83 Kan. 96, 110 Pac. 99), the effect of which is to clothe him with the

rights of his vendor and assignor. Had Stamper attempted to redeem from the same and oust the Star Lumber Company from the land, equity would require him to reimburse it for its outlay in taking up the Amick mortgage, for while no reason appears for entering its satisfaction of record by the assignee, still this did not mislead Stamper, who knew that he had not paid it, and as to him such satisfaction would not estop the Lumber Company. Further, admission was made in open court that it was paid by Summers and Larabee for the benefit of the Star Lumber Company at the request of Stamper and his wife, and that it had not been repaid. Under all these circumstances Stamper could not redeem and recover possession, which seems to have been held by or for the Star Lumber Company and other lien holders, probably by virtue of the quitclaim already referred to, without accounting for the amount of this mortgage, and neither can the plaintiff who stands in his shoes.

The cause is remanded with directions to modify the judgment by adding to the amount paid in by the plaintiff to redeem the property the amount of the Amick mortgage. In other respects the judgment is affirmed.